1   EVE M. CODDON (SB# 125389)
    evecoddon@paulhastings.com
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street
3   Twenty-Fifth Floor
    Los Angeles, CA 90071-2228
4   Telephone: (213) 683-6000
    Facsimile: (213) 627-0705
5
    GRACE A. CARTER (SB# 101610)
6   gracecarter@paulhastings.com
    SEAN UNGER (SB# 231694)
7   seanunger@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
8   55 Second Street
    Twenty-Fourth Floor
9   San Francisco, CA 94105-3441
    Telephone: (415) 856-7000
10  Facsimile: (415) 856-7100

11  Attorneys for Plaintiffs
    FOXCONN ELECTRONICS, INC., and
12  HON HAI PRECISION INDUSTRY CO., LTD.

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                   SAN JOSE DIVISION

16

17  FOXCONN ELECTRONICS, INC., a          CASE NO. C07 05710
    California corporation, and HON HAI
18  PRECISION INDUSTRY CO., LTD., a        **COMPLAINT FOR:**
    Taiwanese corporation,
19                                         **(1) PROFESSIONAL NEGLIGENCE;**
                    Plaintiff,
20                                         **(2) BREACH OF CONTRACT; AND**
                vs.
21                                         **(3) BREACH OF FIDUCIARY DUTY**
    ROBINSON & WOOD, INC., a California
22  corporation, ARCHIE S. ROBINSON, an    **JURY TRIAL DEMANDED**
    individual,
23
                    Defendants.
24

25

26          Plaintiffs Foxconn Electronics, Inc. and Hon Hai Precision Industry Co., Ltd.

27  (collectively, "Foxconn") allege as follows:

28
                                           COMPLAINT FOR PROFESSIONAL
    Case No.                               NEGLIGENCE; BREACH OF CONTRACT;
                                           AND BREACH OF FIDUCIARY DUTY



ADR

E-FILING

Filed

... 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE CALIFORNIA

## JURISDICTION AND VENUE

1.     Foxconn brings this action pursuant to Air Measurement Technologies, Inc., v. Akin Gump Strauss Haver & Feld, LLP, 2007 U.S. App. LEXIS 24098 (October 15, 2007). In Air Measurement, the United States Court of Appeals for the Federal Circuit held that original jurisdiction under 28 U.S.C. § 1338 exists for a legal malpractice claim stemming from alleged mishandling of earlier patent litigation where issues relating to patent infringement are a necessary element of such a claim.

2.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) (general venue statute).

## THE PARTIES

3.     Foxconn Electronics, Inc. is, and at all relevant times herein was, a corporation duly organized and existing under the laws of the State of California.

4.     Hon Hai Precision Industry Co., Ltd. is, and at all relevant times herein was, a corporation duly organized and existing under the laws of Taiwan, Republic of China.

5.     Foxconn is informed and believes, and on that basis alleges, that Defendant Robinson & Wood, Inc. ("Robinson & Wood") is, and at all relevant times herein was, a partnership or a professional corporation duly organized and existing under the laws of the State of California.

6.     Foxconn is informed and believes, and on that basis alleges, that Defendant Archie S. Robinson ("Robinson") is, and at all relevant times herein was, a partner or shareholder in the law firm of Robinson & Wood, which is located in San Jose, California, and an attorney

COMPLAINT FOR PROFESSIONAL
NEGLIGENCE; BREACH OF CONTRACT;
AND BREACH OF FIDUCIARY DUTY

1  licensed to practice law in the State of California. (Robinson & Wood and Robinson are

2  collectively referred to herein as "Defendants.")

3

4  ## GENERAL ALLEGATIONS

5

6          7.    This action arises out of Defendants' failure to use due care and exercise

7  reasonable skill, prudence, and diligence in the course of representing Foxconn in connection

8  with a lawsuit alleging patent infringement. Defendants held themselves out (to the public

9  generally and specifically to Foxconn) to be experienced and competent patent litigators. Among

10  other things, Defendants' website describes Robinson & Wood as "Silicon Valley's Preeminent

11  Civil Litigation Law Firm," and states that Defendants "are skilled in the handling of complex

12  cases," including patent infringement cases. The website also states that "[o]ne of the firm's most

13  rapidly expanding specialties is patent infringement and trade secret litigation." Defendant

14  Robinson is the practice area leader of Intellectual Property Litigation.

15

16          8.    Foxconn paid Defendants a substantial sum of money in legal fees for

17  Defendants' purported litigation and intellectual property expertise. However, Defendants'

18  representation of Foxconn fell below the requisite standard of care applicable to lawyers who

19  purport to specialize in patent infringement litigation. Defendants' inadequate representation of

20  Foxconn caused Foxconn substantial damage for which Foxconn seeks to be compensated.

21

22  ## THE FCI LAWSUIT

23

24          9.    On or about March 23, 2001, FCI USA, Inc. and FCI Americas

25  Technology, Inc. (collectively, "FCI") filed a complaint in the United States District Court,

26  Northern District of California, Case No. C-01-1192, against Foxconn and Hon Hai Precision

27  Industry, Co., Ltd., which alleged patent infringement. Specifically, the complaint alleged that

28  Foxconn's connector products infringed four (4) of FCI's patents – 6,024,584 (the "'584 Patent"),

1    6,079,991 (the "'991 Patent"), 6,093,035 (the "'035 Patent"), and 6,164,983 (the "'983 Patent").

2    Moreover, the complaint alleged that Foxconn's infringement of the patents in issue was willful.

3

4        10.    On or about January 9, 2002, FCI amended its complaint, whereby FCI

5    alleged that Foxconn infringed another of its patents – 6,325,644 (the "'644 Patent"). The action

6    brought by FCI against Foxconn (both the complaint and amended complaint) shall be referred to

7    herein as the "FCI Lawsuit." Foxconn was initially represented in the FCI Lawsuit by the law

8    firm of Jeing & Associates.

9

10                    **ENGAGEMENT OF ROBINSON & WOOD, INC.**

11

12        11.    In or about July 2002, Foxconn interviewed Defendant Robinson & Wood,

13    including without limitation Defendant Robinson, with respect to Defendants' representation of

14    Foxconn in connection with the FCI Lawsuit.

15

16        12.    Defendants represented to Foxconn that Defendants were experts and

17    specialists in patent litigation and that Defendants possessed the requisite knowledge and skill to

18    defend Foxconn in the FCI Lawsuit.

19

20        13.    Foxconn thereafter engaged Defendants to represent it in the FCI Lawsuit.

21    On or about August 1, 2002, Robinson & Wood filed a Substitution of Attorney, and became

22    counsel of record in the FCI Lawsuit.

23

24        14.    At all relevant times, Foxconn reasonably expected to receive legal

25    services from Defendants that were comparable in quality to services provided by attorneys with

26    similar specialized experience, knowledge, and expertise in the areas of complex litigation and

27    patent litigation.

28

Case No.                    -4-                    COMPLAINT FOR PROFESSIONAL
                                                    NEGLIGENCE; BREACH OF CONTRACT;
                                                    AND BREACH OF FIDUCIARY DUTY

1        15.    Defendants owed to Foxconn a duty of loyalty and a duty to exercise the

2    reasonable care, skill, and diligence of experts and specialists in patent litigation, and in providing

3    legal services to Foxconn in connection with the FCI Lawsuit.

4

5        16.    Defendants also owed to Foxconn the duty to inquire, investigate, and

6    verify relevant factual and legal information to comply with their duty, as experts and specialists,

7    to exercise reasonable care, skill, and diligence in providing legal services to Foxconn. Further,

8    Defendants owed to Foxconn a duty of competence in timely filing and serving all briefs,

9    pleadings, and/or contentions, as well as managing the day-to-day activities of the FCI Lawsuit

10   and in representing Foxconn in all pre-trial, trial and post-trial proceedings.

11

12                 **CLAIM CONSTRUCTION**

13

14       17.    Foxconn is informed and believes, and on that basis alleges, that a claim

15   construction hearing in the FCI Lawsuit was originally scheduled for October 17, 2002. Each

16   patent ends with a set of claims which describe an alleged invention. Courts interpret portions of

17   a patent's claims, known as "claim terms," because the parties dispute the meaning of those

18   terms. A claim construction hearing is held to determine the scope of the claims of a patent. The

19   scope and meaning of the claims are determined by the Court at a claim construction hearing.

20   However, on or about September 25, 2002, Defendants, on Foxconn's behalf, filed a motion to

21   continue the claim construction hearing.

22

23       18.    On or about October 2, 2002, the Court issued an Order granting

24   Defendants' motion to continue the claim construction hearing and established a new claim

25   construction schedule.

26

27       19.    On or about November 22, 2002, the parties filed with the Court a joint

28   claim construction statement and the Court held a claim construction hearing on or about

Case No.          -5-        COMPLAINT FOR PROFESSIONAL
NEGLIGENCE; BREACH OF CONTRACT;
AND BREACH OF FIDUCIARY DUTY

1   February 20, 2003. Foxconn is further informed and believes, and on that basis alleges, that the

2   Court issued its Order on claim construction on or about March 6, 2003; and under the Court's

3   Patent Local Rules, Foxconn's opinions of counsel and Final Invalidity Contentions were to be

4   submitted a specific number of days after that Order, as discussed further below.

5

6                            **OPINIONS OF COUNSEL**

7

8          20.    The FCI Lawsuit alleged that Foxconn infringed FCI's patents willfully.

9   Pursuant to the United States District Court, Northern District of California, Patent Local Rules

10  (herein, the "Local Rules"), if a defendant intends to rely upon an opinion of counsel to rebut

11  allegations of willful infringement, that defendant must produce to plaintiff's counsel a copy of

12  any such opinion(s) within fifty (50) days of the date that the Court issues its ruling on claim

13  construction. (*See* Local Rule 3-8.) When a party is notified by a patent holder that its products

14  allegedly infringe a patent, the alleged infringer may commission a registered patent attorney to

15  provide an opinion as to whether there is infringement and/or whether the patent is invalid. That

16  opinion is called an "opinion of counsel" and is used by the alleged infringer to rebut allegations

17  of willful infringement.

18

19         21.    Foxconn is informed and believes, and on that basis alleges, that

20  notwithstanding the requirements of the Local Rules, Defendants failed to produce to FCI's

21  counsel any opinions of counsel by the due date, despite the fact that Foxconn had commissioned

22  two (2) separate patent law firms to prepare opinions of counsel on the issues of non-

23  infringement, invalidity, and/or unenforceability.

24

25         22.    Foxconn is further informed and believes, and on that basis alleges, that

26  Defendants not only failed to submit to FCI the opinions of counsel within fifty (50) days of the

27  claim construction ruling, but failed to list the opinions of counsel on a privilege log.

28

Case No.                                    -6-                    COMPLAINT FOR PROFESSIONAL
                                                                   NEGLIGENCE; BREACH OF CONTRACT;
                                                                   AND BREACH OF FIDUCIARY DUTY

1

## INVALIDITY CONTENTIONS

2

3          23.    Foxconn is informed and believes, and on that basis alleges, that

4    Defendants had an obligation under the Local Rules to serve the plaintiff in the FCI Lawsuit, FCI,

5    with Defendants' invalidity contentions. An alleged infringer may defend a patent lawsuit on the

6    ground that a patent is invalid. Frequently, an invalidity defense is based on allegations that

7    patents or publications which pre-date the patent at issue, known as "prior art," disclose the

8    invention described in the patent. If an alleged "invention" is not novel, a patent applicant is not

9    entitled to a patent for that "invention." "Invalidity Contentions" list the invalidating prior art and

10   explain that the prior art discloses the invention described in the patent. Indeed, Defendant

11   Robinson sent an email to Foxconn's in-house counsel on or about September 17, 2002, wherein

12   Robinson acknowledged Defendants' duty to serve invalidity contentions.

13

14         24.    The Local Rules provide that if a defendant wishes to contest the validity

15   of a patent in issue, that defendant must serve on plaintiff's counsel a document entitled the

16   "Final Invalidity Contentions" within fifty (50) days of the Court's ruling on claim construction.

17   (*See* Local Rule 3-6.) The Local Rules state that the invalidity contentions shall include, *inter*

18   *alia*, the "identity of each item of prior art that allegedly anticipates each asserted claim or renders

19   it obvious." The Local Rules further emphasize that the invalidity contentions shall be submitted

20   in a chart form, which identifies each alleged item of prior art.

21

22         25.    On or about April 28, 2003, Defendants filed with the Court, instead of

23   serving on FCI, a copy of Foxconn's Final Invalidity Contentions; however, the Final Invalidity

24   Contentions prepared by Defendants were insufficient, in that such invalidity contentions:  (a)

25   lacked significant references to prior art; (b) failed to address any of the asserted dependent

26   claims of the five (5) patents at issue in the Lawsuit; (c) failed to address any obviousness

27   arguments; and (d) were improperly styled as a legal brief, instead of as a chart, as specified in

28   the Local Rules. Patent claims are either independent or dependent. Generally, an independent

Case No.                              -7-          COMPLAINT FOR PROFESSIONAL
                                                   NEGLIGENCE; BREACH OF CONTRACT;
                                                   AND BREACH OF FIDUCIARY DUTY

1    claim does not refer back to any other claim. A dependent claim refers back to an independent

2    claim (or other dependent claim). A dependent claim includes all the language of the independent

3    claim but adds additional description of the invention.

4

5                          **FCI'S MOTION FOR SUMMARY JUDGMENT**

6

7            26.     On or about July 3, 2003, FCI filed a motion for summary judgment on the

8    grounds that Foxconn's products infringed certain claims of the '983, '644, and '035 Patents.

9

10           27.     Foxconn is informed and believes, and on that basis alleges, that after

11   receiving FCI's motion for summary judgment, on or about July 9, 2003, Defendants filed an *ex*

12   *parte* application to continue the hearing on FCI's motion for summary judgment. Such *ex parte*

13   application was ostensibly made on the grounds that Robinson was on medical leave and another

14   partner on the case had a pre-paid vacation scheduled at the time that the Foxconn's opposition

15   was due, *i.e.* on or about July 18, 2003. Foxconn is further informed and believes, and on that

16   basis alleges, that Defendants did not inform Foxconn of the *ex parte* application and that such

17   application was denied on or about July 10, 2003.

18

19           28.     Foxconn is informed and believes, and on that basis alleges, that

20   subsequent to the denial of the *ex parte* application, on or about July 14, 2003, Defendants

21   associated with attorney Michael Dergosits ("Dergosits"), of Dergosits & Noah, to assist in the

22   preparation of Foxconn's opposition to FCI's motion for summary judgment, which was due only

23   four (4) days later.

24

25           29.     Foxconn is informed and believes, and on that basis alleges, that Dergosits

26   and an attorney at Defendant Robinson & Wood prepared the opposition to FCI's motion for

27   summary judgment. Foxconn is further informed and believes, and on that basis alleges, that the

28   time devoted by Robinson, the lead partner on the case, was limited to a three (3) hour review of

Case No.                                    -8-          COMPLAINT FOR PROFESSIONAL
                                                         NEGLIGENCE; BREACH OF CONTRACT;
                                                         AND BREACH OF FIDUCIARY DUTY

1    FCI's motion and a one and one-half (1 ½) hour telephone conference with an associate of

2    Robinson & Wood concerning the opposition.

3

4            30.    On or about October 1, 2003, the Court ruled on FCI's motion for

5    summary judgment, holding that Foxconn's products infringed certain claims of the '035, '584,

6    and '983 Patents. In its ruling, the Court indicated that Defendants did not dispute infringement

7    of the accused devices with respect to certain claims of the '983 Patent, thereby admitting

8    infringement. Moreover, the Court ruled that no genuine issue of material fact existed with

9    respect to the structure or design of FCI's products.

10

11           31.    After the Court ruled against Foxconn on summary judgment, on or about

12   November 13, 2003, Defendants sent to Foxconn a status memorandum, wherein Defendants

13   advised Foxconn: (a) that the issues of invalidity and inequitable conduct would likely "go to the

14   jury"; (b) that Foxconn's chances of prevailing on the defenses would be 50/50; and (c) that there

15   was "very little likelihood of a finding of willful infringement." This report was sent after

16   Defendants failed to serve any opinions of counsel on FCI and subsequent to Defendants' failure

17   to submit adequate Final Invalidity Contentions within fifty (50) days of the claim construction

18   ruling, which effectively eviscerated both of Foxconn's cornerstone defenses.

19

20                    **FOXCONN'S MOTIONS FOR SUMMARY JUDGMENT**

21

22           32.    On or about September 12, 2003, Defendants, on behalf of Foxconn, filed

23   two (2) separate motions for summary judgment. Defendants' first motion for summary

24   judgment asserted invalidity of certain claims of the '584, '991, '983, '644, and '035 Patents.

25   Defendants' second motion for summary judgment asserted non-infringement of certain claims of

26   the '584, '991, '983, '644, and '035 Patents.

27

28

COMPLAINT FOR PROFESSIONAL
NEGLIGENCE; BREACH OF CONTRACT;
AND BREACH OF FIDUCIARY DUTY

33.     On or about November 10, 2003, the Court denied Foxconn's first motion for summary judgment on the issue of invalidity. In so ruling, the Court found that Foxconn was barred from asserting invalidity challenges to certain claims of the '584, '983, '644, and '035 Patents. Foxconn is informed and believes, and on that basis alleges, that the Court denied Foxconn's invalidity challenges because Defendants failed to address them in its Final Invalidity Contentions and failed to sufficiently disclose relevant prior art. As a result, the arguments set forth by Defendants in the motion for summary judgment were construed to be "new" and were thus dismissed by the Court.

34.     On or about November 12, 2003, the Court granted in part and denied in part Foxconn's second motion for summary judgment. The Court found that certain claims of the '584 and '991 Patents were not infringed by Foxconn's products. The Court, however, found that Foxconn's products infringed certain claims of the '644, '035, and '983 Patents.

## EXPERT REPORTS – INVALIDITY AND INEQUITABLE CONDUCT

35.     On or about October 3, 2003, Defendants retained a technical expert, Dimitri Grabbe ("Grabbe"), to analyze the issue of invalidity with respect to the patents at issue. Foxconn is informed and believes, and on that basis alleges, that Grabbe's original expert report failed to address any of the asserted dependent claims of FCI's patents, despite the fact that the Court had already found that certain asserted dependent claims of the '983 and the '035 Patents infringed.

36.     More than a month after the due date, on or about November 5, 2003, Grabbe submitted a Supplemental Expert Report, which addressed the issue of invalidity as to the asserted dependent claims of the patents in issue. Foxconn is further informed and believes, and on that basis alleges, that the Supplemental Expert Report was excluded from evidence by the Court, pursuant to FCI's motion *in limine*, on the grounds that: (a) the Supplemental Expert

COMPLAINT FOR PROFESSIONAL
                                                                    NEGLIGENCE; BREACH OF CONTRACT;
                                                                    AND BREACH OF FIDUCIARY DUTY

1   Report was late; and (b) Foxconn's Final Invalidity Contentions, prepared by Defendants, failed

2   to address the dependent claims of the five (5) patents in issue.

4           37.    Grabbe's original expert report failed to address the issue of inequitable

5   conduct, specifically the materiality of certain prior art references that FCI withheld from the

6   United States Patent and Trademark Office. Moreover, Grabbe failed to address the issue of

7   potential non-infringing alternatives to the products alleged to infringe in any expert report.

9           38.    Foxconn is further informed and believes, and on that basis alleges, that Q.

10   Todd Dickinson ("Dickinson"), an inequitable conduct expert, was retained by Dergosits. A

11   defendant in a patent infringement case may defend the lawsuit on the ground that the patent at

12   issue was procured improperly, *i.e.*, the patent owner or inventor engaged in some misconduct,

13   known as "inequitable conduct," in attempting to secure a patent from the United States Patent

14   and Trademark Office. Foxconn is further informed and believes, and on that basis alleges, that

15   Dickinson submitted an initial report on the issue of inequitable conduct; however, such report

16   failed to establish the opinions which Dickinson intended to express at trial and the bases for

17   those opinions. To that end, on or about October 22, 2003, Dickinson submitted a supplemental

18   report on the issue of inequitable conduct, but such report was several weeks late and was

19   objected to by FCI's counsel on the basis of Rule 26(a)(2)(B) of the Federal Rules of Civil

20   Procedure.

22                       **EXPERT REPORT – NON-INFRINGEMENT**

24           39.    Foxconn is informed and believes, and on that basis alleges, that

25   Defendants failed to submit an expert report on the issue of whether Foxconn's products infringed

26   any claims of FCI's patents. On or about October 23, 2003, FCI's expert submitted an untimely

27   supplemental expert report, which opined that Foxconn's products infringed claim 36 of the '983

28   Patent; however, Defendants failed to object to FCI's supplemental expert report.

1

## PRE-TRIAL CONFERENCE

2

3          40.     Foxconn is informed and believes, and on that basis alleges, that at the

4  Final Pre-trial Conference, counsel for FCI and Defendants stipulated to Foxconn's infringement

5  of claim 36 of the '983 Patent.

6

7          41.     Following the expert phase of the FCI Lawsuit, the parties made pre-trial

8  submissions, including motions *in limine*, jury instructions, joint proposed *voir dire*, and a joint

9  pre-trial order, which included a witness list. Foxconn is informed and believes, and on that basis

10  alleges, that by the time the parties reached the pre-trial stage, the FCI Lawsuit had been

11  reassigned to a Magistrate Judge and the parties agreed to proceed before such judge for the

12  remainder of the case.

13

14          42.     On or about January 16, 2004, the Court held a pre-trial conference, in

15  which the Court determined that the following claims remained for trial: (a) whether Foxconn

16  infringed, or induced another party to infringe, claim 36 of the '983 Patent; (b) whether Foxconn

17  induced a party to infringe the claims of the Patents on which summary judgment was granted for

18  FCI; (c) the damages, if any, to which FCI was entitled for Foxconn's alleged infringement of the

19  claims on which summary judgment was granted, and on claim 36 of the '983 Patent; (d) whether

20  Foxconn willfully infringed claim 36 of the '983 Patent and the other claims of the Patents on

21  which summary judgment was granted; (e) invalidity based on anticipation, in connection with

22  certain independent claims related to the '035, '983, and '644 Patents; and (f) whether there was

23  inequitable conduct with respect to the '035, '983, and '644 Patents. The parties stipulated that

24  neither the Doctrine of Equivalents nor obviousness were issues for trial.

25

26          43.     At the pre-trial conference, the Court ruled on several of FCI's motions *in*

27  *limine*. Specifically, the Court granted FCI's motions *in limine* with respect to the following:

28  (a) bifurcating the issue of inequitable conduct; (b) precluding any testimony by Foxconn's

COMPLAINT FOR PROFESSIONAL
NEGLIGENCE; BREACH OF CONTRACT;
AND BREACH OF FIDUCIARY DUTY

experts on non-infringement and obviousness on the ground that testimony on these issues was not included in the expert reports; (c) precluding any and all invalidity contentions not set forth in Defendants' Final Invalidity Contentions, meaning that Foxconn was barred from offering any invalidity contentions at trial on any dependent claim; and (d) excluding the testimony of Defendants' damages expert on grounds that Foxconn's technical expert, Grabbe, failed to address the issue of potential non-infringing alternatives in any expert report, therefore the testimony of Foxconn's damages expert in connection with the non-infringing alternatives was based on hearsay statements – conversations between Foxconn's damages expert and Grabbe. The Court also denied Foxconn's motion *in limine* to exclude evidence of Foxconn's foreign sales because this argument should have been asserted on summary judgment. In addition to the rulings on the motions *in limine*, the Court barred from trial any opinions of counsel obtained by Foxconn to rebut allegations of willful infringement.

44.    On or about January 29, 2004, the Court held a Final Pre-Trial Conference, wherein the Court made the following rulings: (a) that the parties stipulated that Foxconn's products infringed claim 36 of the '983 Patent, which, on information and belief, was necessitated by Defendants' failure to submit an expert report on the issue of non-infringement; (b) that FCI withdraw from the amended complaint allegations regarding infringement of certain claims of the '035, the '983, and the '644 Patents, *i.e.* the independent claims on which FCI had been previously granted summary judgment; and (c) that the need for a trial on the issue of invalidity had been obviated by the facts that the parties stipulated to infringement of claim 36 of the '983 Patent and because Defendants failed to timely assert in its Final Invalidity Contentions any argument addressing the asserted dependent claims of the five (5) patents at issue.

**TRIAL**

45.    Subsequent to the Pre-Trial Conference Order, the Court proceeded to trial on the damages issues, given that the issues of infringement and invalidity had already been

1   resolved against Foxconn. At trial, the jury found that Foxconn was liable to FCI for direct

2   infringement of the '035, '983, and '644 Patents, in the amount of $1,140,714. Further, the jury

3   found that Foxconn had induced others to infringe FCI's patents and thus awarded FCI damages

4   in the amount of $6,844,286. Finally, the jury found, by clear and convincing evidence, that

5   Foxconn's infringement was willful. Thus, the damage award to which Foxconn was exposed

6   was subject to substantial increase.

7

8                              **POST-TRIAL AND SETTLEMENT**

9

10              46.     Following trial, Defendants filed several motions for judgment as a matter

11  of law on Foxconn's behalf, including a motion for judgment as a matter of law denying FCI's

12  claims for willful infringement. Defendants failed to move for judgment as a matter of law at the

13  close of FCI's case. Foxconn is informed and believes, and on that basis alleges, that the motions

14  for judgment as a matter of law were neither heard nor decided by the Court.

15

16              47.     On or about May 4, 2004, Foxconn and FCI settled the FCI Lawsuit and

17  filed a Stipulation of Dismissal. Foxconn was required to pay substantial sums and other

18  consideration in exchange for a dismissal.

19

20                              **<u>FIRST CAUSE OF ACTION</u>**

21           **<u>(PROFESSIONAL NEGLIGENCE – AGAINST ALL DEFENDANTS)</u>**

22

23              48.     Foxconn realleges and incorporates herein by reference the allegations of

24  paragraphs 1 through 47, hereof, inclusive.

25

26              49.     Defendants owed to Foxconn a duty of care in Defendants' representation

27  of Foxconn in the FCI Lawsuit. Foxconn is informed and believes, and on that basis alleges, that

28

Case No.                                      -14-                   COMPLAINT FOR PROFESSIONAL
                                                                     NEGLIGENCE; BREACH OF CONTRACT;
                                                                     AND BREACH OF FIDUCIARY DUTY

1  Defendants held themselves out to be experts and specialists in complex litigation, patent law,

2  and patent infringement lawsuits.

3

4          50.    Foxconn is further informed and believes, and on that basis alleges, that

5  Defendants were required to provide legal services to Foxconn comparable in quality and

6  capacity to the services provided by an attorney with similar specialized experience, knowledge,

7  and expertise in the field of complex litigation, patent law, and patent infringement lawsuits.

8

9          51.    Foxconn is informed and believes, and on that basis alleges, that

10  Defendants owed to Foxconn a duty of loyalty and a duty of competence.  Among other things,

11  Defendants had a duty to comply with all Local Rules, timely and adequately file all pleadings,

12  briefs, and/or contentions, to manage the litigation and the experts involved therein, and to

13  represent Foxconn competently in all pre-trial, trial and post-trial activities.

14

15          52.    Foxconn is informed and believes, and on that basis alleges, that in

16  performing the legal services for Foxconn as alleged herein, Defendants failed to satisfy their

17  duties to Foxconn and to exercise the degree of reasonable care, skill, and diligence commonly

18  used by members of the legal profession holding themselves out to be experts and specialists in

19  the areas of complex litigation and patent litigation.  Defendants' conduct fell below the standard

20  of care of an ordinary patent litigation attorney, thus causing damage to Foxconn, in at least the

21  following ways:

22

23          (a)    Defendants failed to comply with Local Rules 3-3 and 3-6, which establish

24  the necessary content of a party's Final Invalidity Contentions.  Defendants failed to include in

25  Foxconn's Final Invalidity Contentions any arguments associated with the asserted dependent

26  claims of the patents at issue, and Defendants failed to address a single potential invalidity

27  defense based on obviousness.  Defendants' failure to comply with the Local Rules harmed

28  Foxconn because Foxconn was precluded, at the summary judgment stage and/or at trial, from

1    asserting any argument that the dependent claims of the patents in suit were invalid. Defendants'

2    error effectively mooted the invalidity trial because FCI simply dropped from the FCI Lawsuit all

3    infringement allegations based on the patents' independent claims.

4

5            (b)     Defendants submitted a defective initial expert report on the issue of

6    invalidity, and failed to timely file a Supplemental Expert Report. Such Supplemental Expert

7    Report was excluded from evidence on grounds of tardiness. Defendants also failed to timely

8    advise Foxconn of the need for a technical expert, and Defendants delayed too long to retain a

9    technical expert.

10

11           (c)     Defendants failed to timely submit an inequitable conduct expert report.

12    While Defendants purported to rely on the original Dickinson report, that report lacked any

13    discussion of the opinions that Dickinson was to offer at trial and the bases for such opinions. In

14    turn, Dickinson's opinions may have been excluded entirely by the Court, especially given that

15    Dickinson's supplemental report was submitted after the due date. Foxconn is further informed

16    and believes, and on that basis alleges, that the omissions of the Dickinson report placed at risk

17    Foxconn's inequitable conduct defense, which is tantamount to a breach of duty. Moreover,

18    Defendants failed to conduct proper discovery on inequitable conduct; that is, Defendants had

19    knowledge of the inequitable conduct issues early in the FCI Lawsuit, but made little effort to

20    explore this defense.

21

22           (d)     Defendants failed to exercise due care by disregarding or simply missing

23    the deadline to serve on FCI's counsel the opinions of counsel, which were commissioned by

24    Foxconn, and which served as a defense to FCI's claim of willful infringement. A reasonably

25    prudent patent attorney would know that a finding of willful infringement could potentially, *inter*

26    *alia*, triple the damage award against the alleged infringer. In that regard, an ordinary patent

27    litigator would have prepared an infringement defense based on an opinion of counsel given that

28    such opinion is a valuable piece of exculpatory evidence to rebut a charge of willful infringement.

COMPLAINT FOR PROFESSIONAL
NEGLIGENCE; BREACH OF CONTRACT;
AND BREACH OF FIDUCIARY DUTY

1    Foxconn is informed and believes, and on that basis alleges, that at a minimum, Defendants had a

2    duty to identify any opinions of counsel (not submitted to FCI's counsel) on a privilege log.

3    Defendants neither submitted the opinions of counsel to FCI nor did Defendants create a privilege

4    log. Defendants disregarded or simply missed the deadline for serving the opinions of counsel,

5    which effectively waived a critical defense for Foxconn.

6

7            (e)    Defendants were dilatory in filing a motion for summary judgment on the

8    issue of foreign sales. A reasonably prudent patent litigator would have moved for summary

9    judgment to exclude evidence based on foreign sales for purposes of a damages calculation.

10   Indeed, Defendants attempted to assert this argument as a motion *in limine* instead of on summary

11   judgment. Again, Defendants disregarded or simply missed an important deadline, which highly

12   prejudiced Foxconn's position in the FCI Lawsuit. Foxconn is informed and believes, and on that

13   basis alleges, that to the extent that Defendants had brought a timely motion for summary

14   judgment on the foreign sales issue, Foxconn would not have been found to have induced

15   infringement and would thus not be liable for at least $6.8 million in damages.

16

17           (f)    Defendants failed to retain an expert to opine on the issue of non-

18   infringement in rebuttal to FCI's infringement report. Defendants had not secured a non-

19   infringement expert; instead, Defendants stipulated that Foxconn infringed claim 36 of the '983

20   Patent. Such stipulation was apparently the result of Defendants' failure to retain a non-

21   infringement expert because a reasonably prudent patent lawyer would generally include an

22   opinion of non-infringement in a rebuttal report.

23

24           (g)    Defendants failed to have the designated damages expert, Grabbe, address

25   in his report the issue of non-infringing alternatives. Since Defendants did not ask Grabbe to

26   opine on this issue, testimony from Foxconn's damages expert related to non-infringing

27   alternatives was excluded from trial on hearsay grounds. A reasonably prudent patent attorney

28   would generally include such an opinion in a non-infringement rebuttal report; but, as a result of

1  Defendants' failure, Foxconn's damages expert was prohibited from testifying at trial on the issue

2  of whether non-infringing alternatives existed, which is a key factor in an expert's attempt to

3  lessen the total amount of damages sought in a patent infringement suit. Ultimately, because of

4  Defendants' error, Foxconn was barred from offering testimony on non-infringing alternatives

5  and, in turn, was unable to lessen its damages exposure.

7       53.    Foxconn is informed and believes, and on that basis alleges, that had

8  Defendants satisfied their duties of loyalty, competence, and diligence to Foxconn, and exercised

9  proper care and skill in performing the legal services for Foxconn in connection with the FCI

10  Lawsuit, Foxconn would have prevailed at trial on its defenses and/or would have been able to

11  agree to a settlement that would have been far less detrimental to Foxconn.

13      54.    As a direct and proximate result of Defendants' breaches of their duties,

14  Foxconn has been damaged by the unfavorable settlement with FCI, and by the fact that Foxconn

15  is incurring ongoing legal fees and other expenses associated therewith, all in an amount to be

16  proven at trial.

18              **SECOND CAUSE OF ACTION**

19       **(BREACH OF CONTRACT – AGAINST ALL DEFENDANTS)**

21      55.    Foxconn realleges and incorporates herein by this reference the allegations

22  of paragraphs 1 through 54 hereof, inclusive.

24      56.    Foxconn performed all acts required of it under its contract with FCI,

25  except any obligations that were excused.

27      57.    Foxconn is informed and believes, and on that basis alleges, that

28  Defendants breached their contract with Foxconn by failing to exercise the reasonable care, skill,

Case No.                                   -18-                    COMPLAINT FOR PROFESSIONAL
                                                                   NEGLIGENCE; BREACH OF CONTRACT;
                                                                   AND BREACH OF FIDUCIARY DUTY

1   and diligence commonly used by members of the legal profession, in that Defendants failed to

2   perform legal services as experts and specialists in complex litigation and patent litigation.

3

4       58.    Foxconn has paid to Defendants a substantial sum of money in exchange

5   for Defendants' professional services, which services fell far below the relevant standard of care.

6

7       59.    As a direct and proximate result of Defendants' breaches of contract,

8   Foxconn has been damaged in an amount to be proven at trial.

9

10                              **THIRD CAUSE OF ACTION**

11           **(BREACH OF FIDUCIARY DUTY – AGAINST ALL DEFENDANTS)**

12

13      60.    Foxconn realleges and incorporates herein by this reference the allegations

14  of paragraphs 1 through 59 hereof, inclusive.

15

16      61.    By virtue of the attorney-client relationship between Foxconn and

17  Defendants, and each of them, there existed a fiduciary relationship between Foxconn and

18  Defendants, and each of them.

19

20      62.    By virtue of the attorney-client relationship between Foxconn and

21  Defendants, and each of them, and by virtue of the fiduciary relationship between Foxconn and

22  Defendants, and each of them, Defendants, and each of them, owed to Foxconn all duties and

23  obligations of a trustee and fiduciary to a beneficiary, including, but not limited to, the duty to

24  represent Foxconn's interests faithfully, the duty to represent Foxconn with undivided loyalty, the

25  duty to represent Foxconn in accordance with the California Rules of Professional Conduct, and

26  the duty to represent Foxconn with a level of skill and competence at or above the recognized

27  standard of care owed by attorneys to their clients in the State of California.

28

63.     Foxconn is informed and believes, and on that basis alleges, that Defendants, and each of them, breached and ignored their fiduciary duties owed to Foxconn. Foxconn is further informed and believes, and on that basis alleges, that Defendants were obligated to provide legal services to Foxconn comparable in quality and capacity to the services provided by an attorney with similar specialized experience, knowledge, and expertise in the field of patent infringement lawsuits.

64.     Foxconn is informed and believes, and on that basis alleges, that in performing the legal services for Foxconn as alleged herein, Defendants failed to satisfy their duties to Foxconn and to exercise the degree of reasonable care, skill, and diligence commonly used by members of the legal profession holding themselves out to be experts and specialists in the areas of complex litigation and patent litigation.  In addition, Defendants breached fiduciary duties as follows:

(a)     Defendants failed to advise Foxconn of their lack of expertise in patent infringement litigation, and instead held themselves out to Foxconn as experts;

(b)     Defendants failed to report to, and advise, Foxconn regarding the significance of adverse events and the effect that such events could have on the FCI Lawsuit;

(c)     Defendants billed Foxconn for services that were below the standard of care and/or unreasonably incurred; and

(d)     Defendants failed to ensure that attorneys were assigned to the matter who had the required degree of expertise and time to devote to the FCI Lawsuit.

65.     As a direct and proximate result of Defendants' breaches of their fiduciary duties, Foxconn has been damaged in an amount to be proven at trial.

1    **PRAYER FOR RELIEF**

2

3        WHEREFORE, Foxconn prays for judgment against Defendants as follows:

4        1.        For compensatory damages according to proof;

5        2.        For interest as provided by law;

6        3.        For Foxconn's reasonable costs and expenses incurred herein,

7                  including attorneys' fees, if appropriate; and

8        4.        For such other and further relief where as Court deems just and

9                  proper.

10

11    DATED:  November 9, 2007            PAUL, HASTINGS, JANOFSKY & WALKER LLP

12

13                                        By: _____

14                                                   GRACE A. CARTER

15                                        Attorneys for Plaintiffs
                                          FOXCONN ELECTRONICS, INC. and HON HAI
16                                        PRECISION INDUSTRY CO., LTD.

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PROFESSIONAL
NEGLIGENCE; BREACH OF CONTRACT;
AND BREACH OF FIDUCIARY DUTY

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands trial by jury.

3

4    DATED:  November 9, 2007          PAUL, HASTINGS, JANOFSKY & WALKER LLP

5

6                                     By: _____

7                                            GRACE A. CARTER

8                                     Attorneys for Plaintiffs
                                      FOXCONN ELECTRONICS, INC., and HON HAI
9                                     PRECISION INDUSTRY CO., LTD.

10   LEGAL_US_W # 57483859.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PROFESSIONAL
NEGLIGENCE; BREACH OF CONTRACT;
AND BREACH OF FIDUCIARY DUTY